United States District Court
Southern District of Texas

**ENTERED**

May 29, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VISMAY BARBIER FUENTES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-244 |
| | § | |
| FRANCISCO VENEGAS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Vismay Barbier Fuentes is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas.  In this habeas action, Petitioner contests Respondents' ability to detain her without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).  She bases her habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, the Due Process Clause of the Fifth Amendment, and on *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

In February 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which foreclosed Petitioner's statutory arguments.  In light of that decision, the Court ordered Petitioner to file a Statement in support of her claims. (Order, Doc. 3) Petitioner timely complied with the order. (*See* Statement, Doc. 4)

Based on the record and the applicable law, the Court concludes that Petitioner does not present a viable claim.

### I.     Due Process Challenge

Petitioner contends that *Buenrostro* did not address whether the Fifth Amendment's Due Process Clause permits Respondents to detain an individual under Section 1225(b)(2)(A) without an opportunity to seek bond.  She claims that Respondents violated her rights under this constitutional provision because "[d]ue process requires an individualized bond hearing before

1 / 4

an Immigration Judge at which the government bears the burden of justifying Petitioner's continued detention by clear and convincing evidence based on dangerousness or flight risk." (Pet., Doc. 1, 23)

Other courts have considered and rejected substantively-similar arguments. *See, e.g., Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024).  These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[1]  For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate her due process rights under the Fifth Amendment.

Petitioner attempts to support her due process claim on the grounds that she was previously detained under Section 1226(a) and was subsequently released on parole, precluding re-detention under Section 1225.  The law, however, does not support Petitioner's position. "Parole, be it advance or otherwise, is only available to an 'alien applying for admission to the United States,' and the alien remains an applicant for admission while on parole." *Duarte v. Mayorkas*, 27 F.4th 1044, 1059 (5th Cir. 2022).  While an alien may be free to live, work, and travel within the United States while on parole, that alien remains "legally equivalent to an alien

---

[1] While recognizing that other district courts have reached a contrary conclusion on this issue–see, e.g., *Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions

2 / 4

that is held in custody at the border while their application for admission is processed." *Id.* Accepting that Respondents initially released Petitioner on parole, that fact would not alter her legal status as an applicant for admission, rendering her subject to Section 1225(b)(2)(A) under *Buenrostro*.

As *Buenrostro* explained, Sections 1225 and 1226 "overlap[,]" rendering some aliens potentially covered by both statutes. *Buenrostro-Mendez*, 166 F.4th at 503. The Fifth Circuit recognized that "[i]n contrast to past administrations, the current Administration has chosen to exercise a greater portion of its authority by treating applicants for admission under the provision designed to apply to them"–i.e., Section 1225. *Id.* at 507. Here, while the United States initially detained and then released Petitioner under Section 1226, Petitioner identifies no statutory or regulatory provision preventing Respondents from now exercising their authority under Section 1225, which, under *Buenrostro*, has applied to Petitioner since she entered the country.

Ultimately, Petitioner enjoyed liberty within the United States for some time when past administrations exercised their discretion to forego applying Section 1225 to her. But no statutory or regulatory provision, and no Constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under Section 1225.

In addition, Section 1225(b)(2)(A) contains a material procedural protection by requiring detention only if a USCIS officer determines that an alien "is not clearly and beyond a doubt entitled to be admitted." Thus, any alien has the opportunity to demonstrate clear entitlement to admission, thus avoiding the statute's mandatory detention provision. Here, Petitioner does not assert that she could make such a showing or that she was prevented from attempting to do so.

## II.    *Accardi* **Claim**

Petitioner additionally alleges that the revocation of her parole was done in excess of statutory and regulatory authority, mandating relief under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954).

"It is a given of administrative law that agencies must follow their own regulations." *Nat'l Auto. Dealers Ass'n v. Fed. Trade Comm'n*, 127 F.4th 549, 553 (5th Cir. 2025). But "the proper vehicle for such claims is the Due Process Clause." *Ayala Chapa v. Bondi*, 132 F.4th 796, 799 n.3 (5th Cir. 2025). The Court has concluded that Petitioner does not present a viable claim under that constitutional provision, which would also defeat the proposed *Accardi* claim.

### III.    Conclusion

For these reasons, the Court concludes that Petitioner is not entitled to relief. Accordingly, it is:

**ORDERED** that Petitioner Vismay Barbier Fuentes's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on May 29, 2026.

_____
Fernando Rodriguez, Jr.
United States District Judge

4 / 4